UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTEN RIDER HUMPHRIES,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:22-cv-00307-ACA |
| } | |
| **EQUIFAX INFORMATION** } | |
| **SERVICES, LLC, et al.,** } | |
| } | |
| **Defendants.** } | |

# MEMORANDUM OPINION

In 2019, Plaintiff Christen Humphries' husband, Defendant Barry Humphries[1], opened accounts with Chase Bank and Capital One Bank in Christen's name and without her consent. Christen discovered the accounts after she divorced Barry. She then informed Defendants Chase, Capital One, Equifax Information Services, LLC, Experian Information Services, and TransUnion Risk Advisory, Inc. that the accounts were fraudulent. Despite this notice, the accounts remain on Christen's credit report and Chase and Capital One continue to hold her liable for the debt. So Christen filed this lawsuit, alleging that the Defendants violated the Fair

---

[1] To avoid confusion, the court will refer to Barry Humphries as "Barry" and plaintiff Christen Humphries as "Christen."

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and committed various state law torts.

Chase and Capital One each move to dismiss all Christen's claims against them, arguing that Christen's amended complaint is a shotgun pleading or, alternatively, that her state law claims are preempted by the FCRA. (Docs. 36, 43). The court **WILL GRANT IN PART** and **WILL DENY IN PART** Chase and Capital One's motions. Because Christen's amended complaint is not a shotgun pleading, the court **WILL DENY** the request to dismiss all Christen's claims on that ground. And Christen concedes that dismissal of one of her claims is proper. With respect to the remaining state law claims, the court finds that the FCRA preempts them, so the court **WILL GRANT** the motion to dismiss those claims.

**I.     BACKGROUND**

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to Christen. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

In January 2021, Christen became suspicious that Barry may have opened credit card accounts in her name during their marriage but without her knowledge or consent. (Doc. 32 at 5 ¶ 13). An investigation of her credit profile confirmed her suspicions; Barry opened credit card accounts in Christen's name with Chase and Capital One in 2019. (*Id.* at 6 ¶ 14). Barry admits that he opened the credit accounts

and used the credit cards to purchase items for himself without Christen's knowledge or consent. (*Id*. at 7 ¶ 18).

Once Christen learned about the cards, she promptly informed Chase and Capital One that she was a victim of identity theft and the accounts were fraudulent. (*Id*.). She later sent a written dispute to both Chase and to Capital One. (Doc. 32 at 6 ¶ 15). Christen's written dispute formally requested that Chase and Capital One close the fraudulent accounts and remove them from her credit profile. (*Id*.). Christen also stated that she was not responsible for the debt incurred in her name as a result of identity theft and fraud. (*Id*.).

Chase and Capital One each acknowledged receipt of Christen's written dispute but take the position that she is still liable for the fraudulent debt because her husband committed the alleged fraud. (*Id*. at 8–9 ¶¶ 22, 24). Both Chase and Capital One, as furnishers of consumer credit information, continue to report the debt to credit reporting agencies and continue to send Christen collection letters. (*Id*. at 8 ¶ 22). As a result, Christen's credit rating is damaged. (Doc. 32 at 9 ¶ 25).

## II.   DISCUSSION

Christen asserts the same five counts against both Chase and Capital One. She alleges that Chase and Capital One negligently and willfully failed to comply with § 1681s-2(b) of the FCRA ("Counts Four and Five"), invaded her privacy in violation of state law by continuing to report this fraudulent debt ("Count Six"),

3

negligently, wantonly, or intentionally hired or supervised employees in a manner that allowed or encouraged the employees "to violate the law" as described in the amended complaint ("Count Nine"), and negligently, wantonly, or intentionally defamed her through "the initial reporting of the account to the three credit bureaus; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint" ("Count Ten"). (Doc. 32).

Christen concedes Count Nine and "elects to voluntarily dismiss the claims in" that count. (Doc. 49 at 3 n.1; doc. 50 at 3 n.1). Although voluntary dismissal is not available to Christen as a matter of right, *see* Fed. R. Civ. P. 41(a)(1), the court construes her "election" as a motion made pursuant to Federal Rule of Civil Procedure 41(a)(2) and **WILL GRANT** the motion. For the reasons set out in the court's preemption analysis, dismissal of Count Nine is **WITH PREJUDICE** as to claims made against the Defendants as furnishers of consumer credit information.

With respect to the remaining claims, both Chase and Capital One argue that Christen's amended complaint should be dismissed in its entirety as a shotgun pleading. (Doc. 37 at 2–4; doc. 43 at 5–7). Alternatively, Chase and Capital One contend that the state law claims asserted in Counts Six and Ten should be dismissed because those claims are preempted by the FCRA and otherwise fail to state claims. (Doc. 37 at 4–10; doc. 43 at 7–16). Chase and Capital One prevail on their alternative grounds for dismissal of the state law claims.

4

A. <u>Shotgun Pleading</u>

Chase asks the court to dismiss all the claims in Christen's amended complaint as a shotgun pleading. Although the court struck Christen's initial complaint as a shotgun pleading on Chase's motion (doc. 19), Chase now argues that the amended complaint remains a shotgun pleading and should be dismissed with prejudice (doc. 37 at 2–4; doc. 43 at 5–7). In support of its contention, Chase alleges that the amended complaint impermissibly lumps both Chase and Capital One together without pleading any facts particular to either separate entity and that Christen asserts multiple claims in Count Ten. (Doc. 37 at 3–4).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ P. 8(a)(2). And Federal Rule of Civil Procedure 10(b) requires a complaint to contain "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings fall into "four rough types of categories." *Id*. at 1323. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that

came before and the last count to be a combination of the entire complaint." *Id*. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. The third is one that does "not separate[] into a different count each cause of action or claim for relief." *Id*. And the fourth type is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*.

The court rejects Chase's argument that Christen impermissibly lumps Chase and Capital One together without pleading facts particular to each separate entity. The fact that Christen alleges the same claims apply in equal measure to both Chase and Capital One does not make Christen's amended complaint a shotgun pleading.

The court further rejects Chase's contention that Christen's assertion of multiple claims in one count is on its own sufficient reason to dismiss the complaint as a shotgun pleading. There is no dispute that Count Ten, titled "negligence, wantonness, & defamation," violates Federal Rule of Civil Procedure 10(b). And the court agrees that this approach has the characteristic of a shotgun pleading because multiple claims in one count "is not a model of efficiency or specific." *Weiland*, 792 F.3d at 1325; (*see* doc. 32 at 23). But Christen's complaint provides specific factual allegations and adequate notice of the claims against Chase. Because Christen's

6

complaint does not present the problems typically caused by a "shotgun pleadings" dismissal on that ground is not appropriate.

For its part, Capital One argues that the complaint should be dismissed as a shotgun pleading because it fails to provide specific factual allegations in support of Christen's claims and Christen does not "provid[e] any allegations of the specific actions taken by Capital One or how those actions align with the elements that [she] must satisfy in order to prove her claim." (Doc. 43 at 6–7). This argument goes to whether Christen states a claim, not whether the complaint is a shotgun pleading.

Accordingly, the court **DENIES** Chase and Capital One's motion to dismiss Christen's amended complaint as a shotgun pleading.

B. Preemption

Chase and Capital One argue that Christen's state law claims of negligence, wantonness, and defamation are due to be dismissed because those claims are preempted by § 1681t(b)(1)(F) of the FCRA. The court agrees.

The FCRA contains two preemption provisions. Section 1681h(e) provides:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action based in whole or in part on the report, except as to false information furnished with malice or willful intent to injure such consumer.

7

15 U.S.C. § 1681h(e). An "adverse action" is "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested," *id.* § 1691(d)(6), and certain other specified situations, *id.* § 1681a(k)(1)(B).

FCRA's second preemption provision prohibits a State from imposing any "requirement or prohibition . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." *Id.* § 1681t(b)(1)(F).

Christen maintains that because her amended complaint alleges that Chase and Capital One each acted with malice or willful intent to injure her, § 1681h(e) controls the preemption analysis. (Doc. 49 at 17; doc. 50 at 23). The court disagrees. Section 1681h(e) preempts state law claims in only three specific situations: when the state law claim is (1) "based on information disclosed pursuant to 1681g, 1681h, or 1681m"; (2) "based on information disclosed by a user of a consumer report to . . . a consumer against whom the user has taken adverse action" or (3) "based on information disclosed by a user of a consumer report . . . for a consumer against whom the user has taken adverse action." 15 U.S.C. § 1681h(e). Christen concedes that her claims relating to Chase and Capital One's investigation and reporting are arise under § 1681s-2, not §§ 1681g, 1681h, or 1681m. (*See* doc. 49 at 2; doc. 50 at 2). And she does not allege that she suffered adverse action as that term is defined

8

by the FCRA. *See* 15 U.S.C. § 1681a(k)(1). Therefore, the issue of whether Christen's claims are preempted by the FCRA is governed by § 1681t(b)(1)(F), not § 1681h(e).

In response to the argument that § 1681t(b)(1)(F) preempts her claims, Christen argues in one sentence that § 1681t(b)(1)(F) "was only intended to displace and preempt state mini credit reporting acts . . . and similar statutory laws." (Doc. 49 at 11; doc. 50 at 17). But she does not cite support for her argument and instead devotes her entire discussion of preemption to the issue of whether § 1681s-2(b) provides a private right of action (doc. 49 at 11–12; doc. 50 at 16–18), and a sentence describing the various ways district courts have addressed the issue of preemption in the context of the FCRA followed by cases that purport to adopt the holdings described. Of note, one section of the "argument" states only that "[o]ther [c]ourts have found that the [FCRA] does not preempt state or common law claims as long as the state or common law is not inconsistent with the [FCRA]." (Doc. 49 at 13). Each of the cases cited predate the enactment of § 1681t(b)(1)(F). (*Id.* at 13–14).

Christen does not support her contention with any legal analysis. Instead, any analysis in Christen's brief is devoted to an argument neither Chase nor Capital One made—whether § 1681s-2(b) contains a private right of action. (Doc. 49 at 11–12; doc. 50 at 16–18). The remainder of her response is nothing more than a short

description of the various approaches to § 1681t(b)(1)(F) preemption taken by district courts more than eighteen years ago. (*See, e.g.*, doc. 49 at 12–19).

Noticeably absent from her compendium of cases is any reference to later decisions by three different circuits of the Court of Appeals, all of which held that both state statutory and common law involving the subject matter regulated under § 1681s-2 is preempted under § 1681t(b)(1)(F). *Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011); *Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 521–22 (6th Cir. 2019). Some of these cases she does cite address complete preemption or preemption of state statutes. Many of the cases do not address preemption under § 1681t(b)(1)(F) at all. Of the twenty-one cases cited (*see* doc. 49 at 12–18; doc. 50 at 18–24), five were decided **before** the enactment of § 1681t(b)(1)(F) and only three cases decided after § 1681t(b)(1)(F)'s enactment hold that it preempts only state statutory law. (*Id.*).

Of the three district court cases Ms. Humphries cites as holding that § 1681t(b)(1)(F) preemption applies only to state statutory law, one of those is from a district court in the Seventh Circuit (*see* doc. 49 at 13; doc. 50 at 19 (citing *Dornhecker v. Ameritech Corp.*, 99 F.Supp.2d 918 (N.D. Ill. 2000)), decided **before** the Seventh Circuit's decision in *Purcell*. The court is not persuaded by the reasoning in the two remaining cases. (*See* doc. 49 at 15; doc. 50 at 21 (citing *Woltersdorf v.*

*Pentagon Federal Credit Union*, 320 F.Supp.2d 1222 (N.D. Ala. 2004); *McCloud v. Homeside Lending*, 309 F.Supp.2d 1335 (N.D. Ala. 2004))). Instead, it adopts the Seventh Circuit's § 1681t(b)(1)(F) preemption analysis in *Purcell*.

In *Purcell*, the Seventh Circuit held that § 1681t(b)(1)(F) preempts all sources of state law involving subject matter regulated under § 1681s-2. 659 F.3d at 624–25 (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). The Court further explained that more recent decisions from the United States Supreme Court follow *Erie* and "hold that a federal statute preempts state common law to the same extent as it preempts state statutory law." *Id.* (citing *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011)). Both the Second and Sixth Circuits have adopted *Purcell*. *Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 521–22 (6th Cir. 2019); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011). The court adopts the analysis in those decisions.

The court concludes that the plain language of § 1681t(b)(1)(F) preempts all state claims arising from a furnisher's responsibilities under § 1681s-2. *See* 15 U.S.C. § 1681s-2. Count Six of Christen's amended complaint relates to a furnisher's responsibilities under § 1681s-2 (*see* doc. 32 at 19 ¶ 56), and is therefore preempted. Count Ten attempts to state claims for negligence, wantonness, and defamation in these Defendants' investigation, reporting, and collecting of these debts. (*See id.* at 23 ¶ 61). The investigation and reporting of debts falls under § 1681s-2 and is also preempted.

C. Failure to State a Claim

Count Ten of Christen's complaint also alleges that she informed Chase and Capital One that the accounts were fraudulently opened by her ex-husband but that Chase and Capital One "continue to send collection letters and monthly statements asking for payments to [her] and her attorney." (*Id*. at 6–8 ¶¶ 15, 21, 23). She claims that that Chase and Capital One "acted with negligence, malice, wantonness, recklessness, and /or intentional conduct" in this regard. (Doc. 32 at 23 ¶ 61). Although other provisions of the FCRA might preempt this claim, neither Chase nor Capitol One raised preemption as to this allegation. Therefore, the court must analyze whether Christen properly alleged facts that support a claim of negligence, wantonness, and/or intentional conduct regarding its sending of collection letters and monthly statements asking for payments.

Both Chase and Capital One argue that Christen has not identified a specific duty or alleged facts to establish a duty. (Doc. 37 at 11–12; doc. 43 at 13–14)). Christen does not respond to the argument that she has not alleged sufficient facts to establish a duty. Instead, she argues that she does not have to identify the federal law or regulations that establish the duty. (*See, e.g.,* doc. 50 at 24–25 (citing *Johnson v. City of Shelby*, 574 U.S. 10 (2014)). Christen then states without any further discussion that "the Bank violated the duty owed to her as imposed by the FCRA, Gramm Leach Bliley Act, and Alabama common law." (Doc. 49 at 19; doc. 50 at

12

25). The remainder of her response to Chase and Capital One's argument in support of dismissing the state law claims is devoted to RESPA, which has absolutely no relevance to this case.

Because Christen's amended complaint fails to sufficiently allege facts to support her legal conclusion that Chase and Capital One owed her a duty relating to the collection of these disputed debts, these claims cannot survive. *See Twombly v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted; alterations adopted).

### III.  CONCLUSION

The court **WILL GRANT IN PART** and **WILL DENY IN PART** Chase and Capital One's motions to partially dismiss Christen's amended complaint. The court **WILL DISMISS** Counts Six, Nine, and Ten **WITH PREJUDICE**, but Counts Four and Five will proceed.

**DONE** and **ORDERED** this August 30, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE